## Frank Bros. & Co., Appellants, *v.* The Central Railroad Company of New Jersey.

*Common carrier—Limited liability—Burden of proof—Negligence as inducing cause.*

Where there is proof of the fact of the injury and the manner of its occurrence under circumstances which do not impute negligence to the defendant, there is no liability of a common carrier, whose contract was for a limited liability only, except upon proof of negligence as an inducing cause of the injury; and the burden of proof is upon the plaintiff.

Goods, presumably the property of the consignee being uncalled for were stored by a carrier in its warehouse; they were there levied upon as the property of consignee and while subject to such levy part of them were stolen; the consignor subsequently demanded the goods upon proof of ownership. *Held*, that recovery was rightly limited to goods which the defendant company refused to deliver to the consignor on demand made after the theft.

Argued Oct. 4, 1898. Appeal, No. 16, Oct. T., 1898, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1896, No. 308, on verdict for plaintiffs. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover the value of certain goods shipped over defendant railroad.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiffs for $313.71. Plaintiffs appealed.

*Errors assigned* were (1) in withdrawing from the jury the question as to the liability of the defendant company for the goods of the plaintiffs stolen from the station at Rosenhayn, while in the physical custody of the defendant company. (2) In refusing to charge the jury, as requested by the first point submitted for charge, as follows : "If the jury find that the merchandise shipped by the plaintiffs to Rosenhayn was their property, and that Davis Kahn had no title thereto, then the defendants are not relieved by the fact that a constable levied upon the goods of the plaintiffs as the property of Davis Kahn, by virtue of an attachment issued against Kahn." (3) In refusing to charge the jury, as requested by the second point submitted for charge, as follows : "If the jury find that the plaintiffs, on March 20, 1896, ordered the goods then remaining in defendants' hands reshipped to Philadelphia, and that the defendants have failed to ship and deliver the same, then, as respects all of such goods, the defendants are to be treated as common carriers, and are bound for the value of the goods." (4) In refusing to charge the jury as requested by the third point submitted for charge, as follows : "If the jury find that the plaintiffs gave notice to the defendants to reship the three boxes of clothes on March 16, 1896, and that the notice was received prior to the taking of the goods, then the defendants, as respects all of said goods, acted as common carriers, and cannot relieve themselves by alleging that a part of the goods were stolen by thieves." (5) In refusing to charge the jury as requested by the fourth point submitted for charge, as follows : "If the jury find that the defendants did not receive notice of the reshipment previously to a part of the goods being stolen, then, as respects that part of the goods, the defendants were acting as warehousemen, and if they failed to exercise ordinary care over the plaintiffs' goods, then they are liable for the full value of the goods stolen, as well as those not delivered upon the request of the plaintiffs."

*W. Horace Hepburn*, for appellants.—It is the law that if a common carrier wishes to be relieved from the loss of goods seized under legal process, it must give immediate notice to the owner : Robinson v. Railroad Co., 16 Fed. Rep. 57.

That "immediate" notice is necessary will also appear from

an examination of the following authorities: Bliven v. Hudson River R. Co., 36 N. Y. 403; Railroad Co. v. O'Donnell, 49 Ohio, 489; Hansen v. Chase, 37 Fed. Rep. 708; Ohio R. Co. v. Yohe, 51 Ind. 181; Scrantom v. Bank, 24 N. Y. 424; Schouler on Bailments, sec. 428; Hutchinson on Carriers, sec. 401.

In the case of Schwerin v. McKie, 51 N. Y. 180, the defendant company had exercised a far greater degree of care in providing a storehouse, had inside fastenings to the scuttle through which entrance had been effected, and the court said that the question as to whether the defendant had performed its duty to the plaintiff was a question for the jury.

*Hazard Dickson* and *Richard C. Dale*, for appellee.—The goods were in the custody of the law when stolen.

The law on this subject is well settled, as may be seen on a reference to the cases collected in sections 290, 350, 453 of Drake on Attachment, second edition.

This precise question was determined in Verrall v. Robinson, 5 Tyrwhitt's Exch. R. 1069; s. c. 4 Dowling, 242.

In any event the liability of the defendant was at the utmost that of a warehouseman not responsible for stolen goods if reasonable care was used. There is no evidence of the lack of such care: Steamship Co. v. Smart, 107 Pa. 492; Zell v. Dunkle, 156 Pa. 353.

The case of Allam v. R. R. Co., 183 Pa. 174, may be referred to as illustrating the measure of care required of a carrier after the carrier's special liability is ended.

Under the contract between the parties the goods were at the owner's risk at the time of their being stolen.

The railroad company had the right so to limit its liability as warehouseman, and the provision is a perfectly reasonable one, which the courts will enforce.

OPINION BY ORLADY, J., December 15, 1898:

On March 10, 1896, the defendant company received at its station at Rosenhayn, N. J., three boxes directed to one Davis Kahn, which contained material of the value of $700, to be made into clothing. The consignee resided in the village, and had previously received goods at this station a number of times, but did not make any inquiry as to these three boxes. On

March 14, 1896, nine actions, in which Kahn was proceeded against as an absconding debtor, were instituted before a justice of the peace, and writs of attachment were issued therein, under which the three boxes of goods in the warehouse of the defendant were levied upon and seized on March 16, by a constable, who, in the presence of the defendant's local agent, placed notices of the seizure upon the boxes, and left them in the warehouse.

Letters bearing dates of March 16 and 17, were exchanged between the parties, but, as they are not printed by the appellant we assume that their contents are not material. During the night of March 18-19 the warehouse in which the goods were left was forcibly entered by thieves, who broke open two of the boxes and stole the contents of one and a part of the other. The next day one of the plaintiff firm went to the station and under his claim of title secured the remainder of the goods, and directed their shipment to Philadelphia, which was promised to be done by the local agent of the defendant, but under the advice of counsel, the goods were held by the railroad company, and for these goods the plaintiff recovered a verdict for $314.71, and brings this appeal because the court on the trial below refused to charge the jury, as follows: "1. If the jury find that the merchandise shipped by the plaintiffs to Rosenhayn was their own property and that Davis Kahn had no title thereto, then the defendants are not relieved by the fact that a constable levied upon the goods of the plaintiff as the property of Davis Kahn by virtue of an attachment issued against Kahn. 4. If the jury should find that the defendant did not receive notice of the reshipment previously to a part of the goods being stolen, then, as respects that part of the goods, the defendants were acting as warehousemen, and if they failed to exercise ordinary care over the plaintiff's goods, then they are liable for the full value of the goods stolen, as well as those not delivered upon the request of the plaintiffs."

The record of the justice shows that on March 16, after the seizure under the attachments, hearings of the causes were fixed by the justice for April 7, until which time the goods would be in the custody of the law so far as the defendant was concerned: Hemmenway v. Wheeler, 14 Pick. 408; 25 Am. Dec. 411; Drake on Attachments, secs. 290, 350, 453. The

fact that on March 20 the real owner secured possession of the
goods which were left by the thieves does not in any way
change the character of the defendant's relation to them at the
time of the theft.

There is nothing in the evidence to show that the employees
of the railroad company at Rosenhayn knew, or had reason to
know until the attachments were levied on March 16, that
Davis Kahn was an absconding debtor, and would not make
demand of the company for the goods consigned to him, or,
that until March 20, any other person than Davis Kahn claimed
to be the owner of the goods, hence, the railroad company was
not under any duty to notify the consignor that the goods were
unclaimed at the station house. The plaintiff, however, con-
tends that, after having knowledge of the attachment, it must
either defend the proceeding or give immediate notice to the
consignor. It is not the duty of the carrier or warehouseman
to resist an officer who is armed with a valid attachment, or
seek to evade the service of process, and the act of defendant's
local agent in permitting the constable to levy upon the three
boxes of goods was not improper. The goods were directed to
Davis Kahn, against whom the process was issued in proceed-
ings whose regularity is not questioned, and there was nothing
in the markings of the boxes or in the bill of lading to indicate
that the property belonged to any other person. By the con-
tract of shipment, the defendant company was to be regarded
as the agent of the owner, and as such, alone liable for any
negligence, loss, or damage of the goods, and by the present
plaintiff's act in directing the boxes to Davis Kahn, without
other indicia of ownership, the presumption of law is that he
was the owner of the goods: Bingham v. Lamping, 26 Pa. 340.

By another clause in the contract it is provided, viz: "The
carriage of said merchandise shall be complete, and freight
charges earned, when it has been held a reasonable time, say
twelve working hours, subject to the owner's order at the sta-
tion or place where it is above agreed to be delivered, and if not
then removed by the person or party entitled to receive the
same, it may be removed and stored or kept in the car, station
or place of delivery of the carrier, or otherwise at the sole risk
and further expense of such person or party without notice."
In the case before us the goods were seized, under valid legal

process, five days after they were rightly held at the consignee owner's risk. Two days after they were seized under the attachment, and seventeen days before the return day of the writ they were stolen from the warehouse and on the following day the real owner of the goods had knowledge of the theft. The carrier is required to give prompt notice to the consignor or owner of the goods, if known, of the seizure, or of the institution of the legal proceedings against the goods, in order that he may have the opportunity of showing his title to the goods, or of protecting his interests therein: Hutchinson on Carriers, sec. 401. If the owner has timely notice of the seizure and is in a position by the exercise of ordinary diligence to protect his title, the carrier is excused from the refined and technical observance of the rule as to notice and kind of notice which by some decisions seems to be required: MacVeagh v. Atchison, etc., R. Co., 3 N. Mex. 205; 18 Am. & Eng. Railroad Cases, 651.

In Robinson v. Memphis R. Co., 16 Fed. Rep. 57, it is held that the duty to preserve and protect goods while in charge of a carrier imposes on the carrier the liability of either assuming all the dangers of loss, by wrongful seizure of process, to the consignor by undertaking the defense of the suit with success, or by giving immediate notice to the consignor to appeal and defend for himself.

In Bliven v. Hudson River R. Co., 36 N. Y. 403, it was held that a common carrier is exonerated from his obligation to his bailor, where the property of the latter is taken from him by due legal process, provided the bailor is promptly notified of such taking.

In Hansen v. Chase, 37 Fed. Rep. 708, a maritime case, it was held that the master of a vessel in all such exigencies has authority to do whatever is necessary to preserve the interests of a foreign owner or consignee. He is bound to the exercise of diligence and good faith; to give the owner or consignee timely and needful information, and to take his instructions when practicable.

The limitation of time within which the carrier, as such, was to be responsible, was a reasonable one, and after the goods had been in the station house for twelve working hours the liability of the carrier became modified, and it was only bound to exercise ordinary care to secure the safety of the goods: Steamship

Company v. Smart, 107 Pa. 492. The loss of the goods occurred while they were in the custody of the law, but, if lost through the defendant's negligence, it would be liable. There is no dispute in the evidence as to where or how the goods were kept; the building was a frame structure, such as is ordinarily used by railroad companies for like purposes; only intended to be sufficient for the trade necessities of the place and not to withstand felonious force; its location was somewhat isolated owing to the fact that the place was sparsely settled; in the absence of the employees the door was fastened with a bolt-hasp and switch lock, such as is used by railroads in making secure the switches on the tracks to secure the lives of trainmen and passengers; goods of other patrons of the road were ordinarily stored in the same building; a number of other consignments from the same plaintiff had safely passed through it; no guard or watchman was provided by the defendant for service at the building at night.

There was no evidence to show that other station houses of the defendant or that other buildings in the neighborhood received any greater protection or surveillance than was given to this one, and if this defendant gave to these goods the usual and customary care which was adopted by other railroads, under similar conditions, and subjected its own property to the same risk which produced this loss, it would require clear proof of omission of precautions commonly taken by other persons, in the same or a like business, to justify a recovery, as was held in Zell v. Dunkle, 156 Pa. 353. Where there is proof of the fact of the injury and the manner of its occurrence under circumstances which do not impute negligence to the defendant, there is no liability of the carrier, whose contract was for a limited liability only, except upon proof of negligence as an inducing cause of the injury and the burden of making such proof is upon the plaintiff: Farnham v. Camden & Amboy R. R. Co., 55 Pa. 53; Patterson v. Clyde, 67 Pa. 500; Buck v. Penna. R. Co., 150 Pa. 170.

In the case in hand the relation of the defendant at the time of the loss, was that of a warehouseman; the presumed owner was Davis Kahn, the consignee; the seizure was proper under valid process; the loss occurred while the goods were in the custody of the law; the real owner was not known to the de-

fendant until the goods were seized and he had knowledge
of the theft the day after the loss occurred; and notice given
immediately after the discovery of the theft by the defendant
would not have placed the owner in any better position than
when he did receive it as the loss was complete by the theft.
He was not injured by the twenty-four hours' delay in receiving
the notice of loss from the bailee, and under the circumstances
of the case the learned court rightly limited the recovery to the
goods which it refused to deliver to the plantiff on demand
made after the theft.

The judgment is affirmed.