## Duffy's Garage *v.* Sweeley, Appellant.

*Bailment—Injury to property while in bailee's possession—Burden of proof—Evidence.*

Where property is injured while in the possession of the bailee, the burden of proof is upon the bailor to prove that the injury was caused by the negligence of the bailee, but the latter is bound to give some account of how the injury occurred so that the bailor may be able to test the accuracy of the bailee's report.

In an action to recover for labor spent in repairing an automobile, the plaintiff is entitled to maintain a judgment on a verdict in his favor where it appears that he repaired an automobile and returned it to defendant, that on its trial run it ran, at first, all right, but on the return, the casing broke, and the machine was returned to the shop of the plaintiff, that the latter took it apart, sent for defendant, showed him the broken parts, gave him an opportunity of inquiry and inspection, and offered to do the work necessary to repair the damage, which was declined, and that defendant took away the car and had the work done by another.

Submitted March 12, 1917. Appeal, No. 3, Feb. T., 1917, by defendant, from judgment of C. P. Clinton Co., Oct. T., 1914, No. 147, on verdict for plaintiff in case of Duffy's Garage v. C. E. Sweeley. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover for labor spent in repairing an automobile. Before HALL, P. J.

At the trial the defendant claimed that the machine had been injured by plaintiff while it was in his charge as bailee. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $65.31. Defendant appealed.

*Errors assigned* were various rulings on evidence and in giving binding instructions for plaintiff.

*R. B. McCormick,* for appellant.—The case was for the jury. It is for the jury to determine under proper instructions, whether the bailee has exercised due care: First Nat. Bank of Carlisle v. Graham, 79 Pa. 106; Swartz v. Hauser, 10 W. N. C. 434.

*Henry Hipple,* of *McCormick & Hipple,* with him *H. S. Furst,* for appellees.—This case comes squarely within the ruling of the Supreme Court in Logan v. Mathews, 6 Pa. 417.

That the mere fact that after the car had been reassembled by the appellees and on its trial trip an accident occurred was not sufficient to raise the presumption of negligence and to shift the burden to the appellees is squarely ruled in the case of Leidy v. Quaker City Cold Storage & Warehouse Co., 180 Pa. 323.

This case is somewhat similar with that of Gingerbreadman Company v. Schumacher, 35 Pa. Superior Ct. 652.

OPINION BY TREXLER, J., May 17, 1917:

The defendant delivered to the plaintiffs, partners trading as "Duffy's Garage," his automobile for a general overhauling. All the new parts required were furnished by the defendant. After the job was completed the car was taken out for a trial run and found to work all right, but as it was about to be returned to the garage, the casing broke and the gears were injured. The car was again taken apart and the owner of the car was sent for. The defendant was informed that the mechanic who had fixed the car had left the employ of the plaintiffs and there would be a delay of a day or two but that they would fix the car and make no extra charge. Defendant stated that he had to have the car and that if plaintiffs would not charge any storage, he would get a mechanic and fix the car, and so he did. He terminated the bailment and took back his property. The court gave binding instructions for the plaintiffs.

The principal question is, "Where property is damaged in the possession of the bailee upon whom rests the burden of proof?"   Ordinarily he who alleges negligence must prove it.   This is so when the subject of the injury is a bailment.   Thus in Leidy v. Quaker City Cold Storage Co., 180 Pa. 323, we find that goods stored, being damaged, negligence of the cold storage warehouse man could not be assumed from the mere fact of the goods being injured, but had to be affirmatively proved.

In Logan v. Mathews, 6 Pa. 417, it is held that where property is returned by the bailee in a damaged condition, it is incumbent upon the bailee to give some account as to how the injury occurred so that the bailor may be enabled to test the accuracy of the bailee's report.   When the bailee refuses or omits to give any account of the injury, the burden shifts.   In the case before us we think the plaintiffs as bailee of the automobile have performed the duty imposed by the rule laid down in the above cited decision and have relieved themselves of any presumption of negligence.   As we stated above, they sent for the defendant, showed him the broken parts, apparently gave him every opportunity of inquiry and inspection, and in addition thereto offered to do the work necessary to repair the damage.   This was going farther than they were required to go.

The defendant attempted to show that taking plaintiffs' account of the accident that the gears were injured through their carelessness, but the proof failed entirely. There were a number of offers made by the defendant to prove the amount of his damages but as they did not include an offer to prove plaintiffs' negligence, they were properly excluded.

All the assignments are overruled and the judgment is affirmed.