Schell *v.* Miller North Broad Storage Company, Inc., Appellant.

294

Argued April 29, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* with him *Caroline K. Kenworthy* and *George C. Klauder,* for appellant.

*Harry Shapiro,* with him *Harold J. Conner,* for appellee.

*Wm. A. Schnader,* for amicus curiae, under Rule 61.

OPINION BY PARKER, J., October 4, 1940:

This is an action in assumpsit brought by a bailor against a bailee for hire for loss of goods stored in a warehouse and destroyed by fire. The ultimate question presented is one involving burden of proof and order of proof as applied to a case involving the law of bailments.

The plaintiff in his declaration averred the bailment, demand for the goods, and their destruction by fire. He based his claim for damages on the alleged failure of the defendant to maintain a fireproof building and to exercise reasonable care in keeping the goods entrusted to it, specifying the defendant's derelictions in consider-

able detail. The declaration disclosed full knowledge on the plaintiff's part of the cause of the loss and the manner of the fire. The contract of bailment which was in writing provided, inter alia, that the bailee should be responsible for exercise of ordinary diligence and care in storage "but not liable for loss or damage occasioned by . . . . . . fire". The defendant by its affidavit of defense admitted all of the averments of plaintiff except the value of the goods and lack of care or negligence. This raised but two issues, the value of the goods and negligence.

The case having come to trial, the bailment, demand, and failure to return the goods were shown by defendant's admissions and the destruction by fire and the value of the goods were proved by the plaintiff. There was not any evidence of negligence or any attempt on the part of plaintiff to show negligence or lack of care on the part of the defendant.

The only question which the trial judge left to the jury was the value of the goods. He, in substance, instructed them that since there was no evidence that defendant had used reasonable and proper care as bailee, defendant's negligence was to be assumed. A verdict was rendered for plaintiff, defendant's motions for judgment n. o. v. and for a new trial were refused, judgment was entered on the verdict and defendant has appealed to this court.

The instructions of the court above referred to are in conflict with many rulings on the precise point by the Supreme Court and this court. In view of the fact that the court below and the appellee were of the opinion that some recent cases decided by this court have laid down a new rule, it is necessary to refer in some detail to the previous decisions of the Supreme Court and this court.

In an early case, *Clark & Co. v. Spence,* 10 Watts 335, 337, a rule was laid down which has been consistently followed in this Commonwealth. Suit was brought against a warehouseman for the loss of a trunk which

bailee had failed to deliver to the bailor on demand. The court, following *Beckman & Johnson v. Shouse,* 5 Rawle 179, said: "The rule is, that when a loss has been proved, or when goods are injured, the law will not intend negligence. The bailee is presumed to have acted according to his trust, until the contrary is shown. But to throw the proofs of negligence on the bailors, it is necessary to show, by clear and satisfactory proof, that the goods were lost, and the manner they were lost. All the bailee [bailor] has to do, in the first instance, is to prove the contract and the delivery of the goods, and this throws the burthen of proof, that they were lost, and the manner they were lost, on the bailee, of which we have a right to require very plain proofs."

Our appellate courts have never departed from the rule that when a bailor shows that bailee has failed to return the goods on demand, then the bailee has the duty of going ahead with proofs showing the manner in which the goods were lost. When the bailee returns the goods in a damaged condition or fails to return them at all the law requires him "to give an account of the matter" or assume responsibility for the loss. "But when he gives an account, although it may be a general one, of the cause, and shows the occasion of the injury, it then devolves upon the plaintiff to prove negligence, unskillfulness, or misconduct": *Logan v. Mathews,* 6 **Pa.** 417, 418. If the bailee in endeavoring to exculpate himself by describing the manner of the loss, discloses negligence, of course the bailor is not required to proceed farther.

We need not, at this point, speculate on what constitutes "very plain proofs on the part of the bailee" or giving "an account of the matter, in order to explain how it occurred", for the Supreme Court has answered that question with respect to situations where goods have been destroyed by fire.

The plaintiff in this case proved that the goods were

destroyed by fire but there was no evidence that the bailee was guilty of any lack of care in connection with or in respect to the fire. In short, the bailor, having shown the manner of the loss of the goods, to wit, a general fire in the warehouse, and having failed to show any lack of care or diligence upon the part of the bailee, did not sustain the burden imposed on him and cannot recover.

One of the early cases directly in point is *Farnham v. Camden & Amboy R. Co.,* 55 Pa. 53. There it appeared that the bailed goods were destroyed by fire but there was no evidence of negligence on the part of the bailee. The court held first that the liability of the bailee was to be determined in his capacity as a warehouseman and not as a common carrier and then that there being no evidence of negligence the plaintiff could not recover. We quote from the opinion (p. 61) : "This case [*Beckman & Johnson v. Shouse,* supra] shows that where a bailee accounts for a loss in a way not to implicate himself in a charge of negligence, this is a sufficient defense, unless the plaintiff proves negligence. This is the plaintiff's reply to the plea in excuse of performance. It is an affirmative position and must be proved by the party alleging it. It is true the plaintiff in the first instance, taking the present case as illustration, must have shown if it had been tried in the ordinary way, that he delivered the goods to the defendants to be carried to New York, that their agent called for them and could not get them. There he might have rested to hear the reply, and that would be, proof that the goods were accidentally consumed by a fire breaking out on the steamboat at the wharf which consumed the boat, the wharf and buildings of the defendants and the goods in them, including the plaintiffs'; that the boat had its complement of men on board and the defendants four watchmen on the wharf. Out of these facts negligence could not be inferred. The plaintiffs' reply would

be, therefore, 'All that may be true; but the fire originated in your negligence.' Is it not perfectly clear that as that was not inferable from the defendants' case that the plaintiffs must prove it? This is not to be doubted. The same doctrine with that above cited, is also to be found in *Clark v. Spence,* 10 Watts 335; in *Goldey v. Pennsylvania Railroad Co.,* 6 Casey, supra; and the *N. J. Steam Nav. Co.,* 6 Howard 384. We think, therefore, that as the contract to carry these goods was as bailees for hire, and not as common carriers, and as they did carry them according to their agreement to the terminus of their line, and they were there destroyed by fire, the defendants are not liable in the absence of proof of negligence, to respond to the plaintiffs' claim."

This rule was followed in *National Line S. Co. v. Smart,* 107 Pa. 492, 501, 502, where the circumstances were parallel. Mr. Justice TRUNKEY there said: "The plaintiff contends that these and like cases are where the liability was limited by contract, and that the rule should not be extended. But such limitation was held to operate no further than to put the carrier in the place of a bailee for hire. There is no reason why the rule should not apply to all bailees who are only liable for the loss of goods when the loss is caused by their negligence, especially to carriers who may become subject to a modified liability after the termination of their strict liability as carriers...... The jury must find the fact of negligence from evidence, and if the proofs leave the question in doubt, the burden being upon the plaintiff, he has failed to establish his right. Hence the prayer for instruction ought to have been affirmed, namely, that the defendant is not liable for the loss of the goods by fire unless the plaintiff proves, to the satisfaction of the jury, that the fire was occasioned by the neglect of the defendant."

Those cases were followed by *Zell v. Dunkle,* 156 Pa. 353, 27 A. 38, and *Tower v. Grocers' Supply & S. Co.,*

159 Pa. 106, 28 A. 229, each involving destruction of the goods by fire, and the rule previously stated was repeated. In the Tower case the cause of the fire was not shown and apparently was not known.

This court also applied the same principles in *Light v. Miller*, 38 Pa. Superior Ct. 408; *Crocker-Wheeler Co. v. Chester Steel Castings Co.*, 73 Pa. Superior Ct. 119, and *Sheehan v. American Railway Express Co.*, 91 Pa. Superior Ct. 71, all cases where the goods were destroyed by fire. In the last case Judge (now President Judge) KELLER referred to and followed *Farnham v. Camden & Amboy R. Co.*, supra, and the *National Line S. Co. v. Smart*, supra, and restated the rule as therein laid down.

We have likewise followed the same general principles in considering the liabilities of bailor and bailee, in cases not involving fire: *Frank Bros. & Co. v. Central R. Co.*, 9 Pa. Superior Ct. 129; *Duffy's Garage v. Sweeley*, 66 Pa. Superior Ct. 583, *Hare v. Mulligan*, 77 Pa. Superior Ct. 577; *Baione v. Heavey*, 103 Pa. Superior Ct. 529, 158 A. 181; *O'Malley v. Penn Athletic Club*, 119 Pa. Superior Ct. 584, 181 A. 370. In all of these cases where the bailee was held liable it was because he was shown to be negligent or he failed to account for the loss.

It is provided by the statute creating this court (Act, June 24, 1895, P. L. 212, §10; 17 PS §198) : "Upon any question whatever before the said court the decision of the supreme court shall be received and followed as of binding authority." We have neither the power nor the inclination to depart from that mandate.

We have quoted at greater length from the decisions of the Supreme Court than would have ordinarily been necessary in view of the fact that the court below was of the opinion that in certain cases dealing with the liability of owners of parking lots for stolen cars we had departed from the law as laid down in the fire cases. Judge ROSEN in the court below relied upon *Wendt v.*

*Sley System Garages,* 124 Pa. Superior Ct. 224, 188 A. 624; *Mee v. Sley System Garages,* 124 Pa. Superior Ct. 230, 188 A. 626; *Sign Animation Corp. v. Wilkie B. Co.,* 124 Pa. Superior Ct. 234, 188 A. 628; and *Downs v. Sley System Garages,* 129 Pa. Superior Ct. 68, 194 A. 772. The appellee pursues the same argument and we therefore deem it proper to re-examine those cases for the purpose of ascertaining whether they are at variance with the decisions of the Supreme Court and our previous cases.

*Wendt v. Sley System Garages,* supra, was an action by a bailor, an owner of a car, against a bailee who operated an open parking lot and failed to return a car left with it on the demand of the owner. What the case decided was that there was sufficient evidence to sustain the finding of the trial judge that the bailee had failed to use ordinary care in handling the bailment. In view of the fact that the proof of negligence was inferred in part from the testimony furnished by the bailee as to the cause and manner of the loss, we made reference to some of the same authorities which we have cited in this opinion. In that connection we said (p. 228) : "If a bailee fails to return bailed property or *give a satisfactory explanation for its disappearance,* he has the burden of proving that the loss was not due to his negligence." (Italics supplied.) Taking into account the context and the authorities to which we had previously referred, that expression, while terse, should not have been misunderstood. As we said in *Guise v. N. Y. Life Ins. Co.,* 127 Pa. Superior Ct. 127, 137, 191 A. 626: "A defendant's duty of coming forward with evidence at certain stages of a trial is sometimes loosely referred to as 'burden of proof.' " In a number of the early cases upon which we rely "burden of proof" was used loosely and we but followed those expressions. It would have been more accurate to have said that when the bailor shows a bailment, demand, and failure to deliver, the

bailee has the duty of going forward with evidence accounting for the loss and if the bailee fails so to do, he is responsible for the loss, it being assumed that the bailee has failed to exercise the ordinary care required by the contract.

Had we stopped there, the language should not have been misunderstood, but we followed it by a reference to the discussion of the subject in Berry on Automobiles which was said to state that "if a machine is stolen while in the possession of a bailee, a presumption arises that he was negligent in caring for it, and all that is incumbent upon the bailor to make out a prima facie case is to prove the bailment and that the automobile was lost while in the bailee's possession; that 'it is then the duty of the bailee to "go forward" with proof to show *that he used proper care in the bailment,* in the absence of which proof the bailor is entitled to judgment.' " (Italics supplied.) While that statement was neither approved nor disapproved by us, was not essential to the conclusion reached, and was not consistent with the argument previously made, it has apparently led to a misunderstanding. To avoid such mistakes in the future we now say that the statement by Berry does not accurately express the law as it has been laid down by the appellate courts in this state.

As we have heretofore shown when the bailor has proved a bailment, demand, and failure to deliver, it then becomes incumbent upon the bailee to go forward with proofs not necessarily showing that he used proper care in handling the bailment but merely showing "by clear and satisfactory proof that the goods were lost, and the manner they were lost." When the bailee has furnished such proofs satisfactory to the court and jury and if such proofs do not disclose lack of due care on his part, then the bailor, if he would recover, must prove negligence on the part of the bailee and the bailee's negligence becomes the vital issue.

What we have said with reference to the Wendt case applies with equal force to *Mee v. Sley System Garages,* supra; *Sign Animation Corp. v. Wilkie B. Co.,* supra, and *Downs v. Sley System Garages,* supra.

In view of the arguments made to us something more should be said in elucidation of our late opinions in the theft cases, particularly with reference to the proofs required of the bailee when the bailor has shown the terms of the bailment, demand, and failure to deliver. As we stated at the outset, the present controversy is concerned with that branch of Anglo-American law dealing with what Professor Wigmore describes as "the apportionment of the task of producing evidence." Here we are also engaged in applying such rules of evidence to a situation where the law of bailments must also have consideration and particularly that branch where the bailment is for hire and the bailee is only required by his contract, express or implied, to use ordinary care in handling the article entrusted to him.

One of the most important rights of the bailor is that, upon the termination of the bailment, he shall have returned to him the identical thing bailed. We are dealing with a situation where the rights of the parties are fixed by contract, express or implied. If here there had been no previous contract relation between the parties the damages claimed could have been recovered only in an action in trespass: *Zell v. Dunkle,* supra, p. 357. As a result of that contract relation, when, in an action, a bailor shows the bailment, demand for the goods or termination of the contract and failure to deliver, he has made out a case which requires an answer from the bailee. The bailor says: Why do you not return the goods as you agreed to do? The bailee has not made a sufficient answer when he says merely that the goods were stolen. Good faith requires that if the goods are not returned in good condition some account should be given of the time, place and manner of

the occurrence of the injury so that the bailor may be enabled to test the accuracy of the bailee's report by suitable inquiries: *Logan v. Mathews,* supra, p. 419. The law of evidence as to onus probandi also becomes pertinent. When a bailee has exclusive possession of the goods, the acts attending loss or injury must be peculiarly within his own knowledge. Consequently, the bailee must excuse or justify a failure to deliver: *Duffy's Garage v. Sweeley,* supra, p. 585; *Wendt v. Sley System Garages,* supra, p. 228. This is an example of a presumption which arises as "a rule of proof production based upon the comparative availability of material evidence to the respective parties": *Watkins v. Prudential Ins. Co.,* 315 Pa. 497, 504, 173 A. 644.

The amount of proof required of the bailee can only be stated in general terms and must vary with the circumstances. Ordinarily this is a matter resting in the sound and legal discretion of the trial judge. For example, in a case of theft from a parking lot, the circumstances might require the bailee to furnish information in more detail as to the loss than in a case where the bailed property was destroyed by a general fire which also destroyed the building in which the property was known to be kept. Certainly it is not sufficient for the owner of a parking lot merely to say to his customer who has paid him for his services when he asks for his car that it was stolen. The bailor must have more detailed information if he would trace the car or endeavor to find out whether the bailee exercised due care under the circumstances. Unless he has a full disclosure from the bailee he is helpless. The bailor is not to be left to the mercy of the bailee. As Mr. Justice Rogers said in *Clark & Co. v. Spence,* supra (p. 337), the bailor has a "right to require very plain proofs" of the bailee. Situations might likewise arise in a fire case where it would not be sufficient to say merely that the goods had been destroyed by fire; at least in cases where the bailor

had no information as to the place or time of the fire.

We deem it clear that the judgment should have been entered for the defendant. The plaintiff by his pleadings and proofs showed the cause and the manner of the destruction of the goods. Consequently, it was not necessary to refer those proofs to the jury. They were admitted. He then had the full burden of proving the negligence which he averred. By pleadings and proofs he tendered an issue of negligence and then failed to prove his allegations: 6 Am. Jur., Bailments, §§368, 369. In this case the written contract of bailment provided that the bailee should not be "liable for loss or damage occasioned by fires." To recover plaintiff was required to show a lack of "ordinary diligence and care."

Judgment reversed and it is directed that judgment be entered for the defendant.

PER CURIAM, December 18, 1940:

On petition of the plaintiff a rule was granted to show cause why the judgment entered by this Court on October 4, 1940, should not be modified by setting aside the direction that judgment be entered for the defendant, and instead thereof remanding the case for a new trial. The rule was set down for argument and has been fully argued by counsel.

On consideration thereof it is ordered and adjudged that the rule be made absolute, and the judgment heretofore entered is accordingly modified and the case is remanded to the court below for a new trial in accordance with the applicable law as stated in the opinion of the court.