Carlton *v.* Sley System Garages, Appellant.

128

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Marshall A. Coyne*, with him *Gustave F. Straub* and *David J. Smyth*, for appellant.

*Frederick H. Starling*, for appellee.

OPINION BY PARKER, J.:

The plaintiff, an owner of an automobile, brought this action in trespass against defendant, a bailee for hire, to recover compensation for damages done to his car which had been entrusted to defendant. The case was submitted to a jury which found a verdict in plaintiff's favor for $250.95, the precise amount which he paid for the repair of the car. After judgment defendant appealed, assigning as error the refusal of its motions for judgment n. o. v. and for a new trial.

The motion for judgment is based on the claim that the defendant was free from negligence "as a matter of law under the facts produced." The immediate question is whether the proofs were sufficient to support a finding by the jury that the loss was due to defendant's negligence. On September 27, 1938, at about 10 P. M., the plaintiff, as he was about to enter the Arcadia Res-

taurant on the north side of Chestnut Street, Philadelphia, left his automobile with an employee of the defendant for the purpose of having it stored on a parking lot maintained by it at Broad and Pine Streets. The defendant regularly provided a man to perform such service and plaintiff had availed himself of it on former occasions. Plaintiff's car was turned over to defendant with the key in the ignition and a check for the vehicle was given plaintiff. The employee entered the car and drove it to the curb on the south side of Chestnut Street, about two hundred feet from a point opposite the restaurant; he placed the key on the seat of the car and closed the windows. It was defendant's practice to have another employee call for the car and remove it to the parking lot. The employee first referred to left the car without locking it and returned toward the restaurant to resume his station there for the accommodation of other patrons of the restaurant who might wish parking service. Just before he reached the restaurant he discovered that a group of persons had entered the car, started the motor and were driving the car away. This occurred while the employee's back was turned. He jumped on the running board and endeavored to stop the car but it was driven down Chestnut and other streets at a speed of sixty or more miles an hour and he was unable to halt it. He jumped off the car at a railroad crossing and reported the case to the police. The criminals retained the car and it was not recovered for two weeks when it was returned to the plaintiff in a damaged condition. Taking into account the facts proven and such facts as were matters of common knowledge to all jurors serving in Philadelphia, such as the location of the streets, the traffic upon them, and similar matters, we are not prepared to say that there was no evidence of negligence. The jury were entitled to take into account that the ignition could have been locked and that the employee took his eyes off the car for a sufficient time to allow three or more persons to enter

the car, place the key in the lock, start the car, and gain considerable speed before he saw them.

However, the verdict cannot stand owing to a fundamental error in the charge of the court. The appellant excepted to the affirmance of plaintiff's third and sixth requests for charge which were as follows: "3. If the bailee fails to return bailed property, he has the burden of proving that the loss was not due to his negligence ...... 6. Where a bailee fails to return the bailed property it is incumbent upon him to go forward and prove that he used proper care over same. Plaintiff is not required to prove affirmative acts of negligence. *Downs v. Sley System Garages,* 129 Super. 68." This was not only an inaccurate statement with relation to burden of proof but it overlooks principles which are basic in the law of bailments. The applicable rules were recently considered by us in the case of *Schell v. Miller North Broad Storage Co.,* 142 Pa. Superior Ct. 293, 16 A. 2d 680 and it is not necessary to repeat what was there said. When the bailor furnished proofs tending to show the bailment, the return of the car in the damaged condition, and the amount of his loss, the duty then devolved on the bailee to go forward with evidence showing the circumstances under which the car was damaged. It became its duty "to give an account of the matter" or assume responsibility for the loss. If such account does not disclose negligence on the part of the bailee, it is then necessary for plaintiff to prove negligence if he is to be allowed to recover. As we said in the Schell case: "If the bailee in endeavoring to exculpate himself by describing the manner of the loss, discloses negligence, of course the bailor is not required to proceed farther."

While the affirmance of plaintiff's points referred to above was not made the subject of an assignment of error, the matter there treated was so fundamental and basic that we cannot overlook it. This is peculiarly true where the question of negligence is a close one. The

jury may not have been in a position to dispose of the case submitted to it without knowing where the burden of proof lay. "The Superior Court, in accordance with its rules, usually refuses to consider matters not formally raised by assignments of error, but its power to review any phase of a case before it cannot be questioned, except where the action is contrary to statute": *Taggart v. DeFillippo*, 315 Pa. 438, 440, 173 A. 423. Also, see *Schmitt v. Phila.*, 248 Pa. 124, 93 A. 879; *Wessel v. Montgomery, Scott & Co.*, 106 Pa. Superior Ct. 341, 348, 163 A. 347.

In view of the fact that the car in question was a Buick automobile which had been in use only one year and the repairs amounted to only $250.95, we cannot say that there was not any evidence as to the amount of damages. On a retrial of the case the plaintiff will undoubtedly avoid the question raised here by showing that the amount paid for repairs was less than the value of the car when it was delivered to the bailee. See *Wolf v. Altoona Logan Valley Electric Ry.*, 92 Pa. Superior Ct. 259.

Judgment reversed and a venire facias de novo is awarded.

Per Curiam, January 30, 1941:

The foregoing opinion was prepared by Judge Parker before his accession to the Supreme Court. It is now adopted and filed as the opinion of the court.