Opinion by
 

 Arnold, J.,
 

 The defendant, as a bailee, had possession of plaintiff’s motor truck (No. 41) which was returned to the bailor in damaged condition. Plaintiff sued in assumpsit to recover the cost of restoration. The court below directed a verdict for the plaintiff on which judgment was entered after the refusal of defendant’s motions. Defendant appealed.
 

 The complaint as amended sustains an action regardless of whether the contract of bailment is implied or express.
 

 
 *453
 
 Defendant’s answer admits that he became bailee of plaintiff’s
 
 truck
 
 No. 41,
 
 but
 
 denies, for a variety of reasons, that the bailment was under a written contract.
 

 Defendant admits that the truck was redelivered to the plaintiff-bailor in a damaged condition.
 

 The bailment being admitted, it is immaterial whether the contract is written or implied, and if implied, whether the action is in trespass or assumpsit. The rules of law as to the liability of a bailee, when the subject matter is redelivered to the bailor in a damaged condition, are exactly the same in either case, unless the alleged written contract imposes a heavier burden. The same proof, the same burden of proof, the same measure of damages, exist in either instance.
 

 We cannot agree that if the contract was implied the bailor’s action must be in trespass and not assumpsit. Here, again, the pleadings in either form of action, both as to the facts constituting a breach and as to damages, are the same, whether the contract is implied or express. Neither advantage nor disadvantage resulted to plaintiff or defendant whether the complaint was labelled assumpsit or trespass. The defendant admits the bailment, and if sued in either form of action he would have to plead the same excusatory matters to make his pleading effective. It is true that in an action of trespass the defendant would not have to deny the damages, but in the instant case the defendant merely denied generally the damages averred, which is actually what the adjective law would have done for him, without pleading, in an action of trespass.
 

 The plaintiff at the trial offered in evidence defendant’s admissions that he was the bailee of the truck in question; and that the truck was in a damaged condition when it was redelivered to the plaintiff. By
 
 oral
 
 testimony plaintiff liquidated damages, and rested. The testimony of the defendant consisted only in denying the making of any written contract.
 

 
 *454
 
 On the question of liability the rule is settled that “when a bailor shows that bailee has failed to return the goods on demand, then the bailee has the duty of going ahead with proofs showing the manner in which the goods were lost. When the bailee returns the goods in a damaged condition or fails to return them at all the law requires him ‘to give an account of the matter’ or assume responsibility for the loss. ‘But when he gives an account, although it may be a general one, of the cause, and shows the occasion of the injury, it then devolves upon the plaintiff to prove negligence, unskillfulness, or misconduct.’ ”:
 
 Schell v. Miller North Broad Storage Company, Inc.,
 
 142 Pa. Superior Ct. 293, 296, 16 A. 2d 680. It is also settled that unless the defendant offers evidence in support of his burden to “give an account of the matter,” e.g., how the loss occurred, the bailor is entitled to binding instructions on liability:
 
 Duffy’s Garage v. Sweeley,
 
 66 Pa. Superior Ct. 583.
 

 While in some cases, such as
 
 Downs v. Sley System Garages,
 
 129 Pa. Superior Ct. 68, 194 A. 772, the words of the opinion are to the effect that the bailor was entitled to go to the jury (when no excuse was furnished by the bailee), yet this is an inadvertence, and the case itself shows that the jury found for the bailor-appellee. The trial court in that case actually ruled against the bailee-appellant. No question was or could be raised concerning the bailor’s right to binding instructions. The question was squarely raised and the true rule enunciated in
 
 Duffy’s Garage v. Sweeley,
 

 [1]
 

 supra.
 

 Therefore the court below was right in directing verdict for the bailor-plaintiff
 
 insofar as liability of the bailee was concerned,
 
 because no evidence was offered by the bailee in support of his burden of proof.
 

 But upon the question of the
 
 amount
 
 of damages the testimony of the plaintiff-bailor was purely oral. Even
 
 *455
 
 though it was not denied by the defendant it had to be submitted to the jury: See
 
 Nanty-Glo
 
 Boro.
 
 v. American Surety Co.,
 
 309 Pa. 236, 163 A. 523, to which a host of additional citations could be added. Therefore on this latter question we are compelled to reverse.
 

 Judgment reversed and new trial ordered.
 

 [1]
 

 Following
 
 Logan v. Mathews,
 
 6 Pa. 417.