12 N.J. Super. 113 (1951)
79 A.2d 70
LAWRENCE A. LEONARD AND POTOMAC INSURANCE COMPANY, PLAINTIFFS-RESPONDENTS,
v.
AUTO PARKS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1951.
Decided March 2, 1951.
*114 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Robert W. Criscuolo argued the cause for the plaintiffs-respondents (Mr. Charles T. Bunting, attorney).
Mr. William S. Zink argued the cause for the defendant-appellant (Messrs. Bleakly, Stockwell & Zink, attorneys).
The opinion of the court was delivered by ROGERS, J.A.D.
The appeal is from a judgment for plaintiff entered in the Camden County District Court for the damages caused to his automobile while it was parked with defendant for charge on its parking lot in the City of Philadelphia.
The action is founded upon a bailment for hire entered into in Pennsylvania and concededly the law of that state governs as to the merits and rights involved. Ferguson v. Central R.R. Co., 71 N.J.L. 647 (E. & A. 1905); Dennison v. Dennison, 98 N.J. Eq. 230 (Ch. 1925); affirmed, 99 N.J. Eq. 883 (E. & A. 1926).
*115 Plaintiff's uncontradicted testimony clearly establishes his bailment of the automobile with defendant, his demand for its return and defendant's failure to deliver the car. Defendant offered no evidence upon the merits and submitted proof only of the applicable Pennsylvania law on bailments. That such proof standing alone was sufficient to support plaintiff's judgment does not appear to be disputed  in fact, it is so held in Schell v. Miller North Broad Storage Co., Inc., 142 Pa. Super. 293 (1940), which defendant relies upon for the applicable law on bailments. As to the efficacy of such evidence in cases of bailment for hire the court in the Schell case, in explaining its rulings in previous decisions, held:
"As we said in Guise v. New York Life Ins. Co., 127 Pa. Super. 127, 137, 191 A. 626, 630: `A defendant's duty of coming forward with evidence at certain stages of a trial is sometimes loosely referred to as "burden of proof."' In a number of the early cases upon which we rely `burden of proof' was used loosely and we but followed those expressions. It would have been more accurate to have said that when the bailor shows a bailment, demand, and failure to deliver, the bailee has the duty of going forward with evidence accounting for the loss and if the bailee fails so to do, he is responsible for the loss, it being assumed that the bailee has failed to exercise the ordinary care required by the contract."
Nevertheless, as the sole ground of this appeal defendant contends the judgment is erroneous because plaintiff failed to prove defendant's negligence in caring for the car. It is urged that under the Schell case bailor's pleading and proofs sufficiently aver and establish the manner and cause of the loss, and that accordingly the bailor has the added burden of proving negligence before the bailee is under any duty to go forward with an explanation of the loss.
Plaintiff argues that this is a rule of procedure only, involving the duty or burden of going forward with evidence, and that it is controlled by the law of the forum. Ferguson v. Central R.R. Co., supra; Dennison v. Dennison, supra. We do not decide this question, but conceding it arguendo it would appear that under the rule in this State the judgment for plaintiff was proper because there was proof of damage to the automobile while in defendant's custody as bailee for *116 hire, but no evidence to show that defendant exercised due care or that the loss did not occur through its negligence. Though the burden of proof of the cause of action did not shift from plaintiff, defendant was put to its defense upon proof of a prima facie case. Bachman Chocolate Mfg. Co. v. Lehigh Warehouse and Transportation Co., 1 N.J. 239 (1949). We now turn to the merits of defendant's point.
In the Schell case the suit was by a bailor against a bailee for hire for loss of goods stored in a warehouse and destroyed by fire. The declaration averred, inter alia, the loss by fire, charged failure to maintain a fireproof building, lack of reasonable care in keeping the goods and detailed other derelictions. The bailor's proof fully established the cause and manner of the damage to the goods. The nature of the bailment, the cause of the loss, and the scope of the pleading and proofs as to the cause of the loss, defeated any presumption of the bailee's negligence and relieved the bailee from going forward with an explanation of the loss which the bailor had already so adequately established. The bailor was then required to prove bailee's negligence in order to prevail, because none appeared nor could be inferred from the full explanation of the cause of the loss.
That case is quite different and clearly distinguishable from the one before us. The complaint here did not plead the cause nor the manner of the loss. The averment that defendant owed a duty to use reasonable care in safeguarding the automobile and that it breached that duty amounts to no more than pleading an element of the bailment. Plaintiff's testimony that the failure to deliver the car and the damage to it was caused by theft was a mere deduction from the fact that the car was not at the parking yard when he requested it, and that the yard attendant indicated he didn't know what had happened to it and surmised it had been stolen. That under these circumstances plaintiff reported the car stolen and that later it was found damaged a considerable distance from the parking yard does not establish within the rule in the Schell case the actual manner or cause of the loss sufficiently to obviate an explanation of the loss by defendant. *117 This testimony is quite inconclusive as to the cause of the loss, is speculative as to theft, and is pure hearsay as to either factor. We find in the Schell case a sound exposition of the substantial character and quality of the explanation of loss required of the bailee when the bailor's testimony has caused him to go forward with his proof. Certainly, plaintiff's testimony on the cause of the loss in the case before us covered no such scope as under the Schell case is required of a bailee. Although in the Schell case the loss was caused by fire and not by theft, the rule was stated therein that a bailee has not adequately explained his failure to deliver goods by merely stating they were stolen. It also held that a bailee must excuse or justify a failure to deliver goods in his exclusive possession and that in the instance of theft of an automobile the bailor must have more detailed information if he would trace the car and endeavor to find out whether the bailee exercised due care under the circumstances. It reasoned that unless the bailor received a full disclosure of the theft from the bailee he was helpless and it concluded that the bailor was not to be left to the mercy of the bailee. Such reasoning clearly indicates that the rule urged by defendant is not invoked by the pleading and proof in the case before us. We deem the point has no merit.
Under the Pennsylvania law cited, it is obvious that plaintiff established a case which required defendant to go forward with evidence accounting for the damage to the automobile, and that having failed to do so the defendant is responsible therefor because the assumption is that it did not exercise the ordinary care required. Judgment for plaintiff was proper.
Affirmed.