**HEARST MAGAZINES, DIVISION OF the HEARST CORPORATION and Employers' Liability Assurance Corp.**

v.

**The CUNEO EASTERN PRESS, INC. OF PENNSYLVANIA.**

Civ. A. No. 35433.

United States District Court
E. D. Pennsylvania.

March 13, 1969.

Eugene H. Feldman, Philadelphia, Pa., Arnold H. Winicov, Yaskin & Winicov, Philadelphia, Pa., for plaintiffs.

Edward W. Madeira, Jr., Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

This is a motion for judgment notwithstanding the verdict or a new trial. Plaintiffs and their insurer sued for alleged damages to paper stored in the defendant's plant prior to printing. In our Findings of Fact, Discussion, Conclusions of Law and Order entered November 22, 1968, D.C., 293 F.Supp. 824, we found that the defendants were not liable on the evidence on any of the several theories urged upon us.

We have re-examined the record on the light of plaintiffs' Brief in Opposition to Findings of Fact and Conclusions of Law and have concluded that they have not raised any issues before us on this motion which were not presented to us, considered, and discussed in our original opinion. After hearing argument and reviewing the file we do not see any reason to alter or amend the conclusions already discussed at length in our initial Decision.

The plaintiffs' paper sustained water damage while stored in defendant's warehouses in the early morning of August 28, 1962. Plaintiffs sought to try the case on a bailment theory, and after showing delivery and failure to return in original condition, they rested. Cuneo, the defendant, contended that the situation was governed by a term of the ongoing written contract between the two parties rather than by a bailment relationship. They also contended that in any event Cuneo was not negligent and proceeded to present a substantial amount of evidence that the damage had been caused by flooding in the wake of a cloudburst of unprecedented proportions, and that storage methods which had been adequate to prevent water from reaching the paper in the past were simply not sufficient under these extraordinary and unforeseen conditions. Plaintiffs did not present any evidence of their own, and apparently sought to prove Cuneo negligent by sniping at the testimony of the witnesses for defendant. We concluded that Cuneo had exercised due care, that Cuneo was not negligent in any respect in causing the damage, and that, in any case, the relationship between the parties was governed by a contractual term by which Hearst assumed the risk of loss and not by an implied bailment arrangement.

■ Plaintiffs' brief and argument to us on the instant motion centered on its contention that the evidence regarding unprecedented rainfall in the early morning of the 28th was not relevant to the damage of the paper because it was not adequately shown that rainfall caused the flooding. Plaintiffs state in their brief at page 5 that "there was absolutely no evidence that the cause of flooding in warehouse A was from rainfall. * * It could just as easily have been caused by a broken water main, cracked water tower, dam breaking, river overflowing, fire hoses, etc", and that "There is absolutely no testimony or evidence that a rainfall as heavy as indicated in the Findings of Fact could, or would, cause flooding at Cuneo's warehouse A." Plaintiffs contend that therefore evidence depicting the rainfall was irrelevant and inadmissible, and that a sufficient causal relation between the rain and the water damage was not shown so as to justify our conclusion.

We find these speculations of the plaintiffs rather surprising in view of the evidence presented to us. It was shown that in the early morning of August 28 an unexpectedly intense cloudburst descended upon the entire Philadelphia area.[1] A Philadelphia Water Department Station two miles from the Cuneo warehouses measured 4.25 inches of rainfall between 10:50 P.M. of the 27th and 4:55 A.M. on the 28th. A meteorological expert testified that this was the second highest rainfall in a six-hour period in available recorded history of the United States Weather Bureau and the highest in 64 years.[2] He further testified that the "best estimate" of the rainfall at the Cuneo plant was the rainfall measured at the station two miles away, and that there was no geographical or meteorological reason why the rainfall should have been significantly different at the two locations.[3] There was testimony that in the ten-block area surrounding the Cuneo plant, there was severe flooding in the streets, and sewers were backed up. Water was also backed up and sewers flooded on Erie Avenue (leading downhill to warehouse A) and

---

1. See Findings of Fact 13, Exhibit D–24.

2. Findings 14, 15.

3. N.T. 146–7.

that a considerable amount of this water was flowing from Erie Avenue downhill to the main loading entrance of warehouse A.[4] Cuneo presented photographs and testimony, which are too elaborate to detail here, to show how considerable amounts of water could reach the floor where the paper was stored, and rise above the 1½″ level of the dunnage on which the paper was stored. From these facts, especially in the absence of any evidence to the contrary from the plaintiffs, it is difficult to resist the conclusion that the unprecedented rainfall caused damage to the paper.

■■ Moreover, as is fully recounted in our former conclusions, we found that the relation between the parties was contractual and that the plaintiffs had not sustained their burden of showing Cuneo negligent. But even if we were to adopt plaintiffs' bailment theory, plaintiffs' case would not be materially advanced. Once the bailor has shown delivery and failure to return in the same condition, a presumption of negligence on the part of the bailee is made out. The bailee may then rebut this presumption by giving an accounting or explanation of the loss or damage of the bailed property sufficient to enable the bailor to conduct his own investigation of the matter, by showing that the failure to return was due to some cause consistent with due care on the bailee's part, or by showing that the bailee had exercised due care in all respects. 5 Pennsylvania Law Encyclopedia § 13 and cases there cited; Moss v. Bailey Sales and Service,

Inc., 385 Pa. 547, 550–551, 123 A.2d 425 (1956); Schell v. Miller North Broad Storage Co., 142 Pa.Super. 293, 16 A.2d 680 (1940).[5] Here the bailee's showing was certainly sufficient to rebut the presumption of negligence from its failure to redeliver, and the burden shifted to the bailor to show the bailee's negligence, and to satisfy its ultimate burden of proof of the bailee's negligence.[6] Therefore, even accepting plaintiffs' theory in *arguendo*, he has not proved his case.

■ At argument, plaintiffs also objected to the admission in evidence of weather forecasts from the *Philadelphia Inquirer* during the period preceding the surprise storm which stated that no unusual precipitation was expected. This evidence was of tangential importance, and would not have influenced our conclusion on foreseeability because in the absence of any proof by plaintiffs to the contrary, we would assume that a storm which was the heaviest in at least 64 years was to be unexpected. Moreover, the clipping was admitted merely to show that no violent storm was predicted by meteorologists, not to show the accuracy of the reports. If weather forecasters saw no reason to expect such a storm, it is difficult to see why the defendant should have expected it.

## ORDER

And now, this 13th day of March, 1969, it is ordered that the motion for judgment notwithstanding the verdict or for new trial is denied.

---

4. Findings of Fact, 18, 19. The reference in our Opinion to p. 107 at this point was incorrect. It should have been N.T. pp. 158–9.

5. In the *Schell* case it is stated that the amount of proof required of the bailee can be stated only in general terms and must vary with circumstances, and, ordinarily, sufficiency of proof to rebut the presumptions of the bailee's negligence is a matter of discretion for the trial court.

6. See the authorities cited above. Plaintiff sought throughout trial, argument,

and briefing of this case to assign a much heavier burden to the bailee once the bailor has shown a prima facie case. See e. g. at p. 14 of plaintiffs' brief where it is stated that "The only question is whether the Court had enough evidence to find Cuneo free of any negligence." The burden of proof always remained with plaintiffs, and once the defendant had shown loss of the paper due to flooding, the burden of going forward as well shifted back to the plaintiffs.