**Salzberg v. Gibbs**

*Fred J. Silverman,* for plaintiff.
*William B. Koch,* for defendants.

TREDINNICK, J., January 17, 1975.—By this assumpsit action, plaintiff seeks damages for loss of his automobile, allegedly caused by defendant's breach of a bailment contract. Trial was held and on September 19, 1973, a jury returned a verdict for defendant. Plaintiff subsequently filed motions for judgment n.o.v. and new trial which this court en banc dismissed per an order dated November 6, 1974. An appeal to the Superior Court necessitates this opinion.

## FACTS

Plaintiff was a customer of an automobile service station owned by defendant in Bala Cynwyd, Montgomery County. On numerous occasions (perhaps 25 or more) plaintiff drove into defendant's station and, after requesting gasoline from the attendant, left his automobile at the gasoline pump with the keys in the ignition. Plaintiff would then depart on foot to obtain a haircut at a neighboring barber shop. Meanwhile, plaintiff's car was serviced and moved to a parking area on the station lot where it was parked, with the keys remaining in it. The attendant would then resume his other duties. Returning from the barber shop

approximately one-half to one hour later, plaintiff would pay his bill and retrieve his automobile.

This arrangement had begun by plaintiff asking the attendant the first five times whether it could be done, to which an affirmative reply was made. Thereafter he did not so inquire, but rather assumed the practice could continue, which it did. Plaintiff never objected to the keys being left in the car while it was parked.

On November 23, 1971, this procedure was followed, except that when plaintiff returned from the barber shop the car could not be found. It apparently had been stolen, and has not since been recovered.

## DISCUSSION

"A bailment is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt with according to his directions or kept until he reclaims it.": Smalich v. Westfall, 440 Pa. 409, 413 (1970). Three types of bailment exist: (1) bailments for the sole benefit of the bailor (see, e.g., E. I. duPont de Nemours & Company, Inc. v. Berm Studios, Inc., 211 Pa. Superior Ct. 352 (1967)); (2) bailments for the sole benefit of the bailee (see, e.g., Todd v. Figley, 7 Watts 542 (1838)); and (3) mutual benefit bailments (see, e.g., Wayne Sell Corp. v. Allegheny Ford Truck Sales, Inc., 121 Pitts.L.J. 321 (1973)). The character of the duty of care imposed upon bailee in respect to the bailed goods depends upon the classification of the bailment.

It is apparent that the present case involves a mutual benefit bailment. Reciprocal gains were derived from the bailment: plaintiff's car was serviced and defendant received compensation for the sale of gaso-

line. Thus, the inquiry narrows to whether or not defendant exercised the quantum of care required of a bailee in a mutual benefit bailment.

" 'When the bailment is reciprocally beneficial to both parties, the law requires *ordinary* diligence on the part of the bailee, and makes him responsible for *ordinary* neglect.' ": First National Bank of Carlisle v. Graham, 79 Pa. 106, 116 (1875) (citation omitted). "The ordinary care required is that degree of prudence which the ordinary man exercises in the conduct of his own business.": Wayne Sell Corp., supra at 322. "What constitutes ordinary care or diligence, necessarily varies with the circumstances under which the bailment is made, the nature of the subject-matter, the business in which the bailee is engaged, the usages of that particular industry, and is necessarily a question for the jury.": Moon v. First National Bank of Benson, 287 Pa. 398, 402 (1926).

The burden of proof regarding bailee's alleged negligence rests with bailor: Toole v. Miller, 375 Pa. 509 (1953). Although there is no presumption of negligence against a bailee, bailor establishes a prima facie case merely by proving delivery of the goods and no return upon demand: Moss v. Bailey Sales and Service, Inc., 385 Pa. 547 (1956); American Equitable Assurance Company of New York v. Mussoline, 201 Pa. Superior Ct. 271 (1963). Establishment of this prima facie case shifts the burden of proceeding with the evidence to bailee: Carlton v. Sley System Garages, 143 Pa. Superior Ct. 127 (1940). Such a shift necessitates a determination of the proof bailee must produce. In Schell v. Miller North Broad Storage Company, Inc., 142 Pa. Superior Ct. 293, 303 (1940), the court stated:

"The amount of proof required of the bailee can only be stated in general terms and must vary with the

circumstances. Ordinarily this is a matter resting in the sound and legal discretion of the trial judge."

If the existence of the bailment is admitted by bailee, his failure to explain the loss or damage of the bailed goods entitles bailor to binding instructions: Madrid Motor Corp. v. Dawson, 166 Pa. Superior Ct. 451 (1950).

" 'But when he gives an account, although it may be a general one, of the cause, and shows the occasion of the injury, it then devolves upon the plaintiff to prove negligence, unskillfulness, or misconduct': Logan v. Mathews, 6 Pa. 417, 418 [(1847)]. If the bailee in endeavoring to exculpate himself by describing the manner of the loss, discloses negligence, of course the bailor is not required to proceed farther.": Schell, supra at 296.

In this case, there was but one logical explanation of what had happened to plaintiff's automobile—it had been driven away by an unauthorized person—i.e., it was stolen. More than this, defendant could not say. But this was enough to frame an issue for the jury, which was, simply, was this loss occasioned by defendant's negligence? To hold otherwise would be to charge a bailee with absolute liability in any case where bailed goods have been stolen while in his charge. Accordingly, plaintiff was not entitled to binding instructions.

We now turn to the motion for new trial. Plaintiff alleges that the court improperly refused to read the following points for charge requested by him:

"3. When the person with whom the goods are left fails to return them, the law requires him to give an account of the matter or assume responsibility for the loss.

". . .

"5. If you find that the plaintiff's delivery of his automobile to the defendant's employee constituted a

bailment, that the plaintiff subsequently demanded the return of his automobile and the defendant's employees were unable to return it to him, the plaintiff would have made out a prima facie case of negligence on the part of the defendant."

The accuracy of these statements is not questioned; they reflect current case law. See: Moss, supra; Schell, supra; Madrid Motor Corp., supra. However, they were unnecessary in the present case. The issue the jury had to resolve was whether or not defendant had been negligent in caring for the bailed property. The niceties of procedure utilized in law to ultimately pose that issue to the fact finder were unimportant, and may even have served to confuse the jury in the present factual situation.

Plaintiff also contends the following portion of the jury instruction to be error:

"You recall that there was testimony that would indicate that the plaintiff had left his car with the defendant before under identical circumstances. Now, the number of times this occurred is perhaps in dispute, and you will have to resolve that factual matter just as you do all other disputes of fact. Beyond that, however, there was testimony, as I recall it, that the plaintiff knew on those prior occasions that the keys were left in the car where it was parked. Now, what is the legal significance of that? Simply this. If under these circumstances you conclude that the plaintiff assented to the method of storing or handling the car, that is, that in this case he assented to the removal of the car from the pump area and the storage on the lot with the keys in the car, if he assented to that, if you find such from the evidence, then whether or not the act of leaving the keys in the car might otherwise be considered as negligence, the plaintiff cannot complain of that act. And if there is no other act of negligence, then the plaintiff may not recover."

Our research has revealed no Pennsylvania case law on the point, and counsel have cited none. The issue has been raised in two other jurisdictions, however, both of which have concluded, either on a contract theory or on a contributory negligence theory, that plaintiff's assent to storage of the vehicle with the keys in the ignition exonerates the bailee, absent proof of other negligence on his part. See: Passero v. Diana Parking Station, 123 N.Y.Supp. 2d 652 (Rochester City Ct., 1953); Ramsden v. Grimshaw, 23 Wash. 2d 864, 162 P. 2d 901 (1945); Fire Ass'n of Philadelphia v. Fabian, 9 N.Y.Supp. 2d 1018 (Rochester City Ct., 1938); Colburn v. Washington State Art Ass'n., 80 Wash. 662, 141 P. 1153 (1914).

We concluded that the principle enunciated by the trial court was correct, and that there was sufficient evidence adduced at trial to warrant the submission of the factual issue (whether or not that condition was a part of the bailment contract) to the jury.

The judgment should be affirmed.