Alfred A. ISLEY, Appellant,

v.

BOLLING AERO CLUB, INC. and American Fire and Casualty Company, Appellees.

No. 2233.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 1, 1958.

Decided March 3, 1959.

---

William Reback, Washington, D. C., John B. Casey, Washington, D. C., on the brief, for appellant.

Paul L. O'Brien, Washington, D. C., Samuel J. L'Hommedieu, Jr., Washington, D. C., on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

An airplane owned by Bolling Aero Club, Inc., and operated by appellant, a member of the club, "crash landed" and was damaged. Insurance against such loss was carried by the club with American Fire and Casualty Company, and the insurance company paid the club $1,738.05, the amount of the loss less $550 "deductible" as provided in the policy. In this action the club sought to recover $550 from appellant and the insurance company, as subrogee, sought $1,-738.05. Trial resulted in judgments for the club and the insurance company in the amounts claimed.

This appeal presents only one question that we deem worthy of consideration. That question is whether the insurance company had any right of subrogation. Its right, of course, would be no greater than that of the club, and so, the ultimate question is whether the club had a right of recovery against appellant for the insured portion of the damages. The answer is to be found in the relation between the club and its members as disclosed by the club's charter and by-laws.

The club is a nonstock, nonprofit corporation, organized "to encourage interest in aviation, to advance the knowledge of the members in aeronautical and navigation subjects, and to bring to more people the social benefits and pleasure of flying." Its charter provides:

"ARTICLE IX—FINANCE.

"*Section 1.* Initiation fees of all members shall be payable when applications are submitted for approval. Each member shall share monthly dues, in an amount to be determined by the Board, sufficient to cover insurance and finances. If any, the Board shall set rates to be charged for flying time sufficient to cover cost of operation and a sum to be set aside for repairs. All members are required to share equally any monthly or fiscal obligations of the Club.

"ARTICLE X—LIABILITY.

"*Section 1.* Adequate and proper insurance shall be carried at all times to protect the membership from liability. No expense or obligation whatsoever shall be incurred by members of this association except as incurred and set forth within these By-Laws and Constitution."

Its by-laws provide:

"ARTICLE V—GENERAL FINANCES.

"*Section 1.* All property including aircraft and accessories, parachutes, etc., purchased by the Club, shall be purchased jointly by the Club.

"*Section 2.* In the event of an damage to any equipment belonging to the Club except where provided for elsewhere in the Club regulations, the following specific rules shall apply:

"a. If any accident is caused through violations of Civil Air Regulations or local regulations, the members at fault shall be responsible for the uninsured portion of the damages.

"b. Any member is liable to the Club for any damage resulting from his own carelessness or negligence."

The by-laws also provide for an initiation fee, monthly dues and flying rates.

The aircraft in question was insured by the club under a policy providing coverage for bodily injury liability, property damage liability, passenger bodily injury liability, and "All Risks Ground and Flight." This last named coverage is the one under which the insurance company made payment.

So far as liability for personal injury or property damage is concerned, it is quite plain that the insurance was for the benefit not only of the club but also for the individual members. The policy itself specifically provided for such protection to the members while using the aircraft with permission of the club. It is not so plain that the "All Risks Ground and Flight" coverage was likewise for the benefit of the individual members. All references in the charter and by-laws to the duty of the club to carry insurance and to the liability of the members to the club for damages caused by their negligence cannot be completely reconciled. However, when the charter imposes on the club the duty of providing adequate and proper insurance to protect the members from liability and imposes on the members the obligation to pay monthly dues "sufficient to cover insurance and finances," and the club purchases insurance, we are of the opinion that such insurance is necessarily for the benefit of the members. It would be most unusual and inequitable to require members to pay for insurance and then to deny them the protection of such insurance. It may be noted that of the total premium on the policy here involved more than three-fourths thereof was chargeable to the "All Risks Ground and Flight" coverage.

Our conclusion is that as between the club and its members the insurance inured to the benefit of the members as well as to the club, and that the club has no right as against one of its members to recover for damages covered by insurance. If the club has no such right then neither does the insurance company as subrogee of the club.

With respect to the uninsured portion of the damages, appellant was liable to the club.

Judgment in favor of Bolling Aero Club, Inc., affirmed.

Judgment in favor of American Fire and Casualty Company reversed.