Commonwealth of Pennsylvania, Appellant *v.* Raymond W. Twentier and Elfrieda Twentier, his wife, Appellees.

Commonwealth of Pennsylvania et al., Appellants *v.* Neil Reeb, Appellee.

Argued March 1, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and DOYLE.

*Herbert L. Olivieri,* Chief of Torts Litigation Section, with him *LeRoy S. Zimmerman,* for appellants.

*Allan H. Cohen, Gatz, Cohen, Segal & Koerner,* for appellees, Raymond W. Twentier and Elfrieda Twentier, his wife.

*Donald E. Matusow,* with him *Ronald L. Wolf, Litvin, Blumberg, Matusow & Young,* for appellee, Neil Reeb.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 24, 1983:

The Commonwealth appeals the denial of post-trial motions in two separate but herein consolidated cases. We affirm.

Raymond W. Twentier and his wife sued the Commonwealth in Beaver County Common Pleas Court for injuries he sustained in an accident involving a Commonwealth vehicle on May 10, 1977. Neil Reeb sued the Commonwealth in Philadelphia County Common Pleas Court for injuries sustained on September 10, 1978, when his motorcycle collided with a medial barrier on a highway "construction cross-over" designed by the Commonwealth. Both cases went to trial, resulting in the following verdicts: Twentier, $650,000 and his wife $10,000, to which $146,020.04 and $2,253.76, respectively, were added by the trial court as delay damages; and award of $1,440,000 and $284,483 in delay damages was made to Reeb.

The Commonwealth filed post-trial motions in each case seeking to mold the verdicts to the $250,000 limit imposed by Section 2 of the Sovereign Immunity Act (Act 152),[1] and to strike the delay damages. Both

---

[1] Section 5111 of the Judicial Code, *formerly* 42 Pa. C. S. §5111, repealed by Section 221(g) of the Act of October 5, 1980,

Common Pleas Courts denied these motions in the respective cases.[2]

The Commonwealth argues that Act 152's limitation of damages applies, even though these causes of action accrued prior to the Act's effective date (*i.e.*, September 28, 1978).

In *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980), our Supreme Court concluded that Act 152 could not be applied to causes of action arising prior to its effective date. The Commonwealth contends that *Gibson* is limited to retroactive extinguishment of an *entire* cause of action, but that it does *not* preclude retroactive application of the *damage limitation provision. Gibson* is not so limited.

Although *Gisbon* involved causes of action which Act 152 purported to bar *in toto*, its language evidences an unmistakable intent to prohibit *any portion* of the Act from having retroactive effect. The Court concluded "that Act 152 may not constitutionally govern such actions...." *Id.* at 158, 415 A.2d at 81. The Court, clearly intending to prohibit *all* retroactive applications of Act 152, noted that:

---

P.L. 693. A similar provision is now found in Section 8528 of the Judicial Code, 42 Pa. C. S. §8528. Section 5111 reads, in part:

No verdict or verdicts against the Commonwealth on actions brought pursuant to Section 5110 (relating to limited waiver of sovereign immunity) arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall exceed $250,000 in favor of any plaintiff....

[2] The Commonwealth also filed post-trial motions in the Reeb case challenging the sufficiency of the evidence supporting the verdict, the trial judge's charge to the jury on the presumption of due care and the assured clear distance rule, and the exclusion of evidence that Reeb had consumed some alcohol prior to the accident. We find that the trial court properly disposed of these motions.

> In the very nature of things, *a law that is enacted after the case has arisen can be no part of the case.* Such a law can have only a forced and unnatural relation to the case, and must produce an untrue decision.... (Emphasis added.)

*Id.* at 161, 415 A.2d at 83 (quoting from *Menges v. Dentler*, 33 Pa. 495, 498 (1859)). *See also Kay v. Pennsylvania Railroad Co.*, 65 Pa. 269 (1870) (a court will not apply retroactively a statutory limit upon the recovery of damages).

The Commonwealth reasons that *Gibson* is not a bar to the retroactive application of the Act's damage limitation provisions since the Court there declined to reach the issue of the provision's constitutionality. This argument is unpersuasive. The language upon which the Commonwealth relies appears in n. 6 of the Court's opinion: "In light of our disposition, we express no view on appellants' claims that the damage provision ... and the Act in its entirety are unconstitutional." *Id.* at 166, 415 A.2d at 85. The Court, by that language, simply refused to decide whether the damage limitation provision and the entire Act were unconstitutional in *all* applications, issues that were not pertinent to a holding of non-retroactivity.

Thus, we conclude that Twentiers' and Reeb's causes of actions are not subject to Act 152's damage limitations.

The Commonwealth finally contends that the assessment-of-delay damages pursuant to Pa. R.C.P. No. 238[3] is unconstitutional and, alternatively, that

---

[3] Rule 238 provides, in part:

(a) ... [I]n an action seeking monetary relief for bodily injury, ... the court ... shall

    (1) add to the amount of compensatory damages ..., in the verdict of a jury, ... damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... verdict ...;

such damages cannot be assessed against it. We reject these contentions.

Our Supreme Court recently upheld the constitutionality of this rule in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), *appeal dismissed sub nom. Bucheit v. Laudenberger*, 456 U.S. 940 (1982).

Moreover, there is no basis for setting the Commonwealth apart from other defendants subject to delay damages. Act 152 and the Political Subdivisions Tort Claims Act[4] were *simultaneously* re-enacted after the promulgation of Rule 238. The former is silent as to delay damages, whereas the latter purports to prohibit them from being assessed against local government entities.[5] It is clear from this that the legislature did not intend the Commonwealth to be immune from the assessment of delay damages.

Affirmed.

### ORDER IN 976 C.D. 1982

The Beaver County Common Pleas Court order, No. 525 of 1979, dated May 17, 1982, is hereby affirmed.

### ORDER IN 2481 C.D. 1982

The Philadelphia County Common Pleas Court order, No. 2530 November Term 1979, dated September 16, 1982, is hereby affirmed.

---

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the ... verdict....

[4] Section 101 of the Act of November 26, 1978, *formerly* 53 P.S. §5311.101, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. A similar act is now found in Section 8541 of the Judicial Code, 42 Pa. C. S. §8541.

[5] Section 333 of Act of October 5, 1980, P.L. 693 (cited in the preamble to Chapter 85, Subchapter C, 42 Pa. C. S.) provides: "No interest shall accrue in any ... action [against a local government entity]. prior to any entry of judgment."