## Flanigan v. Pottsville Hospital

*Maureen H. McCullough,* for plaintiff.
*George J. Krueger,* for defendant.

RUBRIGHT, *J.,* March 26, 1990 — This matter is presently before the court on a motion for protective order filed by plaintiff. Plaintiff instituted this action against defendant seeking to recover damages purportedly caused by defendant's breach of an employment contract, as well as for declaratory relief. The complaint asserts that defendant failed to provide plaintiff with insurance coverage for services he rendered in the emergency room. Plaintiff claims that he suffered losses because he was forced to provide his own defense to two separate medical malpractice actions, identified as the *Hoak* and *Toczek* cases, which underlie this case.

Defendant denies the key allegations of plaintiff's complaint. It asserts that plaintiff agreed to purchase his own medical malpractice insurance for service which he rendered in the emergency room. In support of this, defendant asserts that it paid plaintiff additional compensation because he agreed to purchase his own insurance.

It is undisputed that plaintiff did purchase his own insurance and that the insurance responded on his behalf when he was sued in *Hoak* and *Toczek.* In an effort to take discovery of facts which relate to the allegations of the complaint, defendant propounded its first set of interrogatories and document production requests. These discovery requests seek, inter alia, the terms and conditions under which the insurance carrier paid monies on plaintiff's behalf. Plaintiff, in his motion for protective order, seeks to preclude discovery of the fact that Physicians' Insurance Exchange, from which he had purchased his medical malpractice insurance, provided him with a defense in *Hoak* and is defending him in *Toczek* and, in resolution of *Hoak,* paid $150,000 to plaintiff in that case. He argues that the discovery requests will, if permitted, allow the identity of plaintiff's subrogee, PIE, to be brought upon the record although it has elected to proceed with the shield afforded it by Pa.R.C.P. 2002(d).

Pa.R.C.P. 4003.1, which governs the scope of discovery generally, provides that:

" . . . A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Defendant is defending this action on the grounds

that plaintiff had agreed to purchase his own medical malpractice insurance for services rendered in the emergency room. Therefore, the questions of whether plaintiff actually purchased such insurance and whether that insurance provided coverage for claims for which plaintiff asserts he was personally liable are certainly relevant to the defense of this matter.

Plaintiff argues that the requested discovery should not be allowed because it will have the effect of bringing the identity of the subrogee onto the record when the subrogee has already demonstrated its desire not to be on the record. We must disagree with plaintiff's argument. Pa.R.C.P. 2002(d) was promulgated in order to avoid prejudicing a subrogated insurer in the eyes of a jury in actions for reimbursement. See Standard Pennsylvania Practice 2d §14:23 (1981). Rule 2002 provides in relevant part:

"(a) Except as otherwise provided in clauses (b), (c), and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

. . .

"(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest."

While we agree with plaintiff that PIE need not bring the instant action in its own name, we do not believe that rule 2002(d) is relevant to the issue presently before the court.

Plaintiff alleges in his complaint that defendant breached the terms of an employment contract by failing to provide medical malpractice coverage for his work in the emergency room. Defendant asserts that plaintiff had agreed to purchase his own malpractice insurance. Defendant seeks to discover evidence as to whether such insurance was pur-

chased by plaintiff as a means of establishing that plaintiff was aware of his contractual obligations.

The issue in the instant case is remarkably similar to that involved in *Beechwoods Flying Service Inc. v. Al Hamilton Contracting Corp.*, 504 Pa. 618, 476 A.2d 350 (1984), and we believe that we are bound by its holding. Where evidence of insurance is relevant to the issues in the case it will not be barred merely because it might be prejudicial. *Id.* In this case, as in *Beechwoods*, any evidence tending to show that plaintiff purchased malpractice insurance covering his work in the emergency room is relevant to defendant's defense of this matter.

Accordingly, we enter the following

## ORDER OF COURT

And now, March 26, 1990, it is hereby ordered that plaintiff's motion for protective order is denied and dismissed and plaintiff shall, within 20 days of the date of this order, fully answer defendant's first set of document production requests and first set of interrogatories addressed to plaintiff, John L. Flanigan Jr., M.D.