602 A.2d 450

**John R. KRINER and the Borough
of Chambersburg, Appellants,**

**v.**

**Mary E. BARBOUR, Appellee.**

**Mary E. BARBOUR, Appellant,**

**v.**

**John R. KRINER and the Borough
of Chambersburg, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1991.

Decided Jan. 15, 1992.

John A. Statler, for appellants/appellees Kriner and Borough of Chambersburg.

Donald B. Hoyt, for appellee/appellant, Mary E. Barbour.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

General Accident, in the name of its insured, Mary E. Barbour, appeals from the decision of the Court of Common Pleas of Franklin County (trial court) denying contribution from and granting summary judgment to John R. Kriner (Kriner) and the Borough of Chambersburg (Borough). Kriner and the Borough cross appeal on the basis for the grant of summary judgment.

On July 17, 1988, Kriner, acting as a police officer for the Borough and driving a police cruiser owned by the Borough, collided with a car operated by Barbour. Because of the impact, Kriner's cruiser then crashed into a house owned by Charles Brandon (Homeowner). Homeowner's insurance

carrier, Everett Cash Mutual Insurance Company, paid for all the damage to his house and then filed a subrogation action against Barbour, Kriner and the Borough. The court found for Homeowner and awarded almost $14,000 in damages. The court then apportioned the negligence between the parties, with Kriner and the Borough designated 75% negligent and Barbour 25% negligent.

Barbour's insurance carrier, General Accident, paid the entire damage award and filed suit for contribution from Kriner and the Borough under the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S. § 8324(a). The trial court, relying on *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990), *petition for allowance of appeal granted*, 525 Pa. 550, 582 A.2d 1311 (1990), granted summary judgment for Kriner and the Borough, finding that there was no joint liability so there could not be contribution under the Tortfeasors Act. Barbour then appealed the grant of summary judgment here. Kriner and the Borough filed a cross appeal.[1]

Subsequent to the time the trial court granted the summary judgment, this court in *Buschman v. Druck*, 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991), overruled our decision in *Crowell* insofar as it held that joint tortfeasor liability was no longer available against a governmental unit and we held that a governmental unit can be jointly liable with a non-governmental agency. *Id.*, 139 Pa.Commonwealth Ct. at 188, 590 A.2d at 56. Consequently, the grant of summary judgment on the basis of *Crowell* cannot be upheld. However, we can affirm the action of the trial court if other grounds sufficient to find summary judgment are apparent. *Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 501, 327 A.2d 72, 76 (1974).

1. Kriner and the Borough were successful before the trial court and therefore they are not aggrieved by the court's order and have no standing to appeal. *See* Pa. R.A.P. 501; *Police Pension Fund Association Board v. Hess*, 127 Pa.Commonwealth Ct. 498, 503, n. 5, 562 A.2d 391, n. 5 (1989), *petition for allowance of appeal denied*, 524 Pa. 614, 569 A.2d 1371. Accordingly, their cross appeal at 589 C.D. 1991 is quashed.

■ The Borough contends that Section 8553(d) of what is popularly called the Political Subdivision Tort Claims Act was the proper basis for summary judgment, because it shields local governments from this claim by requiring that any benefits from an insurance policy received by the claimant must be deducted from the amount recoverable from the local government. We agree. 42 Pa.C.S. § 8553(d) provides:

If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under Subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

This provision, in essence, alters the traditional "collateral source" rule and "authorizes a set-off of insurance benefits for a local government protected by governmental immunity." *See Hill v. Port Authority Transit System of Allegheny County,* 137 Pa.Commonwealth Ct. 132, 138–39, 585 A.2d 1129, 1132 (1991). The traditional "collateral source" rule would not preclude a claimant from recovering damages for his injury regardless of compensation for the injury from some independent or collateral source, like insurance. *Beechwoods Flying Service, Inc. v. Al Hamilton Contracting Corporation,* 504 Pa. 618, 476 A.2d 350 (1984).

Because of the set-off provisions contained in § 8553(d), neither Homeowner nor his insurance company could recover any funds against the Borough. In *Michel v. City of Bethlehem,* 84 Pa.Commonwealth Ct. 43, 478 A.2d 164 (1984), an insurance company sought to recover against a local agency on the basis of a subrogation claim for damages it paid under the insured's homeowner policy as a result of the alleged negligence of the local agency in that case. We held that Section 8553(d) barred recovery by an insurance company as subrogee, because subrogation places the subrogee in the precise position of the person whose rights are subrogated, if the insured had no claim for the

68

amount of damages covered by insurance, neither could the insurance company recover as subrogee. *Id.*, 84 Pa.Commonwealth Ct. at 46, 478 A.2d at 166.

Because it paid the entire $14,000 judgment to Homeowner's insurance company, General Accident is seeking contribution for 75% of that amount based upon the liability as apportioned by the trial court. It contends that Section 8553(d) does not bar contribution from the Borough, because Barbour, the claimant, has not received insurance benefits for the damages for which contribution is being sought.

 The right to contribution is an equitable right to force joint tortfeasors to share in the liability for the wrong done to the plaintiff. *Sertz v. Land Tool Company*, 355 Pa.Super. 230, 238, 513 A.2d 403, 407 (1986), *petition for allowance of appeal denied*, 515 Pa. 581, 527 A.2d 542. Contribution may be claimed where the parties are joint tortfeasors who are each liable to the plaintiff and a tortfeasor has discharged the common liability by paying more than his pro rata share. *Mattia v. Sears, Roebuck & Company*, 366 Pa.Super. 504, 531 A.2d 789, 791 (1987), *petition for allowance of appeal denied*, 519 Pa. 660, 546 A.2d 622.

Section 8553(d) gives to the local government a dollar-for-dollar set-off for any amount paid by injured party's insurance carrier to its insured, the original claimant. *Hill*, 137 Pa.Commonwealth Ct. at 138–39, 585 A.2d at 1132. Because Homeowner's insurance company paid the entire $14,000 to Homeowner, the claimant under § 8553(d), the Borough has, in effect, already "contributed" through the set-off its portion of the award. Because the Borough had already "contributed" its share of the award and discharged its liability, no contribution action can be maintained. Accordingly, the decision of the trial court is affirmed.

SMITH, J., dissents.

## ORDER

AND NOW, this 15th day of January, 1992, the order of the Court of Common Pleas of Franklin County, dated March 4, 1991, No. A.D.1990–487, is affirmed, and the appeal of John R. Kriner and the Borough of Chambersburg at No. 589 C.D.1991 is quashed.